IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARY BENALLY; TERRANCE LEE; and MARIETTA TOM; Beneficiaries of the Utah Navajo Trust Fund,<br><br>Plaintiffs,<br><br>v.<br><br>GARY R. HERBERT, Utah Governor, in his official capacity; KIMBERLY K. WOOD, Exec. Dir., Utah Admin. Serv., in her official capacity; JOHN REIDHEAD, CPA, Dir., Utah Div. of Finance, in his official capacity; CRAIG BUXTON, Dir., Utah Div. of Facilities, Constr., and Mgt., in his official capacity; TONY DAYISH, Adm., Utah Navajo Royalty Holding Fund, in his official capacity; STATE OF UTAH,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING THE STATE DEFENDANTS' MOTION TO REQUIRE JOINDER OF ADDITIONAL PARTIES**<br>(ECF No. 20)<br><br>Case No. 2:12-cv-00275-DN-EJF<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Evelyn J. Furse** |

## I. INTRODUCTION

Plaintiffs Mary Benally, Terrance Lee, and Marietta Tom (collectively, the "Benally Beneficiaries"), beneficiaries of the Utah Navajo Trust Fund ("NTF"), filed an action against Defendants Gary R. Herbert, Kimberly K. Wood, John Reidhead, Craig Buxton, Tony Dayish, each in their official capacities, and the State of Utah (collectively, the "State Defendants") for breach of trust under federal law.[1] (ECF No. 2.) On March 25, 2014, the State Defendants moved to join the remaining NTF beneficiaries and the United States Government (the "U.S.") as required parties under Federal Rule of Civil Procedure 19 ("Rule 19"). (ECF No. 20.)

---

[1] On May 14, 2014, Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. section 636(b)(1)(A). (Order Referring Case May 14, 2014.)

The Benally Beneficiaries oppose the State Defendants' Motion for several reasons. The Benally Beneficiaries argue they adequately represent the interests of the remaining NTF beneficiaries because they seek only to compel the State of Utah (the "State") to resume its responsibilities as trustee as required by federal law. (ECF No. 22.) Additionally, because they seek such limited relief, the Benally Beneficiaries argue that the Court can grant complete relief among the existing parties. (*Id.*) Finally, the Benally Beneficiaries argue that *Pelt v. State of Utah*, 104 F.3d 1534, 1539 (10th Cir. 1996), precludes this Court from deciding whether or not the Benally Beneficiaries must join the U.S. under Rule 19 because *Pelt* had already determined the issue. (ECF No. 22.)

Because the existing parties will adequately protect the interests of the remaining NTF beneficiaries and because Federal Rule of Civil Procedure 5.1 ("Rule 5.1") requires the State Defendants to invite the U.S. to intervene, the Court denies the State Defendants' Motion to Require Joinder of Additional Parties at this time.

## II. **BACKGROUND**

The U.S. created the NTF to benefit the health, education, and general welfare of the Navajo residing in San Juan County, Utah. Act of Mar. 1, 1933, Pub. L. 72-403, 47 Stat. 1418, *amended by* Act of May 17, 1968, Pub. L. 90-306, 82 Stat. 121 (the "Act"). The Act funds the NTF with 37.5% of the net oil and gas royalties derived from the lands added to the Navajo Reservation in San Juan County in 1933 and states that the State of Utah shall pay out the funds for the purposes stated. *Id.* The Tenth Circuit Court in *Pelt* held that these laws created "a discretionary trust for the benefit of the San Juan Navajos with the State of Utah as trustee and the 37½% royalties as *res*." *Pelt*, 104 F.3d at 1544. In 2008, the State resigned its position with no named successor. *See* UTAH CODE ANN. § 51-9-504 (detailing the transition after repeal of

Utah's Navajo Trust Fund Act). Since then, the royalties have gone into a "holding fund," and state law has limited distributions.

The Benally Beneficiaries allege that the State violated federal law when it resigned its position as trustee. (Resp. 5, ECF No. 22.) The State Defendants argue that the State rightfully resigned under federal law. (Reply 2, ECF No. 23.)

### III. **DISCUSSION**

#### A. Rule 19: Required Joinder of Parties

Courts apply a three-step process in deciding whether or not to require joinder of an absent party under Rule 19. "First, the court must determine whether the absent person is 'necessary.'"[2] *Citizen Potawatomi Nation v. Norton,* 248 F.3d 993, 997 (10th Cir. 2001) (citation omitted). "If the absent person is necessary, the court must then determine whether joinder is 'feasible'" *Id.* "Finally, if joinder is not feasible, the court must decide whether the absent person is 'indispensable.'" *Id.* The movant bears the burden of demonstrating the necessity or the indispensability of the absent party. *See Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999) (holding that "[the movants] bear the burden of demonstrating that the [absent party] has an interest relating to [non-movants'] … claim and that the [absent party's] ability to protect that interest will be impaired or impeded by the disposition of the suit in its absence."); *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996) (holding that under Rule 19, "'[t]he moving party has the burden of persuasion in arguing for dismissal.'" (citation omitted).). As a general rule, courts should apply Rule 19 in a practical, pragmatic, and equitable manner. *Rishell*, 94 F.3d at 1411.

---

[2] "The language of Rule 19(a), since the 2007 amendments to the Federal Rules of Civil Procedure, is cast in terms of 'required' parties." *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 n.3 (10th Cir. 2012). The 2007 changes were "intended to be stylistic only." FED. R. CIV. P. 19, advisory committee's note to 2007 amendment.

3

The Court must require joinder of an absent party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).

Because the Court finds that the remaining NTF beneficiaries do not constitute required parties at this time, the Court does not need to determine whether the Benally Beneficiaries could feasibly join the remaining NTF Beneficiaries or rule on the indispensability of the absent parties—the second and third steps in the process.

**B. Joinder of the Remaining NTF Beneficiaries**

First, the Court can accord complete relief to the parties already in the suit. "This analysis is independent of the question whether relief is available to the absent party." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (citation omitted). Instead, the analysis should focus on the relief actually requested. *See Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) (noting if the court found the act unconstitutional, "the appellants would receive 'all the relief for which they prayed.'"). The Benally Beneficiaries have only asked for injunctive relief requiring the State to resume its position as trustee of the NTF and prohibiting the State Defendants from following the state law that limits distributions from the NTF. (*See* Compl. 20, ECF No. 2.) The Court may grant that relief, if the Benally Beneficiaries prevail, without the addition of the remaining NTF beneficiaries.

Second, because the existing parties will adequately represent the interests of the remaining NTF beneficiaries, this suit will not impair the beneficiaries' interests. *See Rishell*, 94 F.3d at 1411-12 (overturning district court's finding of impairment because "[i]f, as a practical matter, the interests of the absent parties will be adequately represented, their interests will not be impaired ...."). The Court considers:

> three factors in determining whether existing parties adequately represent the interests of the absent [party]: whether "the interests of a present party to the suit are such that it will undoubtedly make all" of the absent party's arguments; whether the party is "capable of and willing to make such arguments"; and whether the absent party would "offer any necessary element to the proceedings" that the present parties would neglect.

*Shermoen,* 982 F.2d at 1318 (citation omitted).

To decide this case, the Court must determine whether or not the State must serve as trustee of the NTF under federal law. All NTF beneficiaries have a legitimate interest in having the trust administered lawfully. Only two positions foreseeably exist on this point, each grounded in the interpretation of the federal statutes governing the NTF and the United States Constitution: the State must serve as trustee, or the State does not have to serve as trustee. The Benally Beneficiaries and the State Defendants hold these two positions, respectively.

The requested relief attests to the dichotomous nature of the case: the Benally Beneficiaries seek a permanent injunction requiring the State to act as trustee and a permanent injunction prohibiting the State Defendants from following state law that would contravene the federal law at issue. (Compl. 20, ECF No. 2.) The parties also agree that only two foreseeable positions exist at this point. When asked at oral argument if another position existed, both

parties answered in the negative.[3] Thus, an absent beneficiary will not add a "necessary element to the proceedings that the present parties would neglect." *Shermoen*, 982 F.2d at 1318 (citation omitted).

The Court has confidence at this time that counsel for each side will vigorously pursue all legitimate arguments. Therefore, any remaining NTF beneficiary will have his or her interests adequately represented by the existing parties.

Finally, the risk of multiple or inconsistent obligations remains minimal because issue preclusion will likely prevent any remaining NTF beneficiary from successfully suing the State Defendants on this issue in the future. The State Defendants fear that if the remaining NTF beneficiaries do not join in this action, the State Defendants will find themselves subjected to similar suits in the future that would produce inconsistent results. (Mot. Joinder 4-5, ECF No. 20.) However, because the existing parties will adequately represent the remaining NTF beneficiaries' interests, issue preclusion will bar these suits.

Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted). However, "[a] person who was not a party to a suit generally has not had 'a full and fair opportunity to ligitate' the claims and issues settled in that suit" so "[t]he application of … issue preclusion to nonparties thus runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'" *Id.* at 892-93 (citation omitted). Despite this general rule against non-party preclusion, the *Taylor* court gave six exceptions that allow the

---

[3] The State Defendants noted that should the Court issue an order detailing how to administer the NTF or how to pick a new trustee, multiple view points could emerge. However, the Court notes that the Benally Beneficiaries have not requested such relief.

6

binding of non-parties. One exception allows the binding of the absent party when that party was "'adequately represented by someone with the same interests who [wa]s a party' to the [earlier] suit." *Id.* at 894 (citation omitted). To represent an absent party adequately for issue preclusion purposes, the Court must find the following criteria met: "(1) the interests of the nonparty and her representative are aligned … and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." *Id.* at 900.

As explained above, the interests of the remaining NTF beneficiaries in this suit align with either the Benally Beneficiaries or the State Defendants. Additionally, although neither party acts in a representative capacity,[4] this Court has taken care to protect the interests of the remaining NTF beneficiaries. First, the Court has determined that the existing parties will represent all possible positions. Second, the Court can narrowly tailor any future orders to rule only on the issue of whether or not the State must serve as trustee of the NTF and thus protect the interests of non-parties. If, as the case develops, the nature of the relief sought changes, the Court or the parties may revisit the issue of joinder. Finally, the Court will monitor the suit to ensure that the remaining NTF beneficiaries' interests receive adequate representation. Should the Court develop concerns about the completeness and/or quality of the positions represented, it will revisit the need for joinder.

Therefore, the Court denies the State Defendants' Motion to Require Joinder of the remaining NTF beneficiaries. However, if the circumstances of the case change, the State

---

[4] Although the Benally Beneficiaries state they act in a representative capacity for the remaining NTF beneficiaries (Resp. 8, ECF No. 22), the Complaint does not make any such representations (Compl., ECF No. 2). Furthermore, some beneficiaries may support the opposite position.

Defendants may renew their Motion to Require Joinder. The Court too will monitor the situation and, if necessary, will reconsider the issue *sua sponte*.

### C. Joinder of the U.S.

Because the State Defendants have raised affirmative defenses in their briefing that bring into question the constitutionality of the federal statute governing the NTF (ECF No. 23.), Rule 5.1 applies.

Rule 5.1 requires:

> "[a] party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal … statute [to] promptly: (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if…the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity … and (2) serve the notice and paper on the Attorney General of the United States."

FED. R. CIV. P. 5.1(a). The Attorney General "may [then] intervene within 60 days after the notice is filed." FED. R. CIV. P. 5.1(c). The Court has requested the State Defendants comply with Rule 5.1. Therefore, at this time, the Court denies the State Defendants' Motion to Require Joinder of the U.S.

If the U.S. declines to intervene, the Court orders the State Defendants to submit notice of the U.S.'s response and to renew their Motion to Require Joinder of the U.S. if they continue to deem its presence required.

The Benally Beneficiaries argue that *Pelt* determined the issue of the U.S.'s indispensability, and thus issue preclusion bars this Court from deciding the matter again. The Court finds that the U.S.'s interests in *Pelt* differ from its interests in the case at bar. *Pelt* dealt with whether the State had breached its fiduciary duty while administering the NTF, while this case focuses solely on whether or not the State must serve as trustee. Because the two cases do not raise the same issues, issue preclusion does not preclude the U.S. from taking a different

position in this case or the Court from reaching a different result. For this reason, this Court may still determine, if necessary, whether or not the U.S. constitutes a required party under Rule 19.

## IV. **CONCLUSION**

For the reasons stated above, the Court DENIES the State Defendants' Motion to Require Joinder of Additional Parties.

SO ORDERED this 18th day of September, 2014.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge